United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBIN SHARP, )   No. C 10-4295 MMC (PR)
         Petitioner, )
   v. )   **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**
RANDY GROUNDS, Warden, )
         Respondent. )   **(Docket No. 5)**
_____ )

    On September 22, 2010, petitioner, a California prisoner incarcerated at the Correctional Training Facility - Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the results of a disciplinary hearing at which he was found guilty of a rules violation and received a thirty-day loss of good time credit. Before the Court is respondent's motion to dismiss the petition for lack of habeas jurisdiction. No opposition has been filed.

**BACKGROUND**

    The following facts are taken from the motion to dismiss, the petition, and the exhibits in support thereof, and, unless otherwise noted, are undisputed.

    Petitioner is serving a sentence of 111 years for a 1992 conviction obtained in the Sonoma County Superior Court. (Pet. at 3.)[1] Petitioner was the subject of a disciplinary

---

[1] As referenced herein, page numbers for the petition are those affixed to the top of each page by the court's electronic filing program.

1  hearing for his refusal to report to work on January 7, 2008.  (Id. at 18, 36, 40).  Petitioner
2  states he feared he would be assaulted if he reported to work, due to an inmate "work strike."
3  (Id. at 18, 23, 36.)  After the hearing, petitioner was found guilty of the charges and suffered
4  the loss of certain privileges as well as the loss of 30 days of good time credit.  (Id. at 18, 54.)
5  In June 2008, following a series of appeals, petitioner's 30-day credit loss was restored.
6  (Mot. to Dism., Exs. 2-4.)  By the instant petition, petitioner challenges the finding of guilt,
7  arguing he was denied due process at his disciplinary hearing.  (Pet. at 23.)  Petitioner seeks
8  an order reversing the finding of guilt and the sanctions imposed on him, as well as an order
9  expunging such finding and discipline from his prison records.  (Pet. at 31-32.)

Prior to filing the instant action, petitioner sought state habeas relief on the same
grounds, which relief was denied by the Solano County Superior Court, California Court of
Appeal, and California Supreme Court, respectively.  (Pet., Exs. L-N.)

### DISCUSSION

Respondent argues habeas jurisdiction is lacking because petitioner's good time credits have been restored, and, consequently, that petitioner's claim does not challenge the fact or duration of his confinement.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,'" whereas "challenge[s] to the circumstances of [ ] confinement . . . may be brought under § 1983."  Id.

"[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  Put another way, it is "the *likelihood* of the effect on the overall length of the prisoner's sentence . . . [that] determines the availability of habeas corpus."  Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004)

(emphasis in original) (internal quotation and citation omitted). In some instances, for example, "[t]he presence of a prison disciplinary conviction can [ ] diminish the chance that an inmate will be granted a parole date." See Hardney v. Carey, 2011 WL 1302147 at *6 (E.D. Cal. 2011) .

In this instance, however, neither parole nor eligibility for parole is implicated,[2] and the time credits forfeited by petitioner have been restored. Consequently, petitioner's claims, irrespective of petitioner's success thereon, will have no direct effect on the fact or duration of his confinement. Under such circumstances, habeas relief is not available. See e.g., Ramirez, 334 F.3d at 859 (holding habeas relief unavailable and claim properly brought only under § 1983 where successful due process challenge to disciplinary hearing and expungement of discipline not likely to accelerate parole date).

In sum, habeas jurisdiction is absent and the action must be dismissed.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is hereby GRANTED and the above-titled action is hereby DISMISSED without prejudice to petitioner's bringing his claim under 42 U.S.C. § 1983.

The Clerk shall close the file.

This order terminates Docket No. 5.

IT IS SO ORDERED.

DATED: June 15, 2011

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] As noted, petitioner is serving a determinate sentence of 111 years.

3